PER CURIAM.
Because of the exigencies of this case, requiring prompt disposition, we hand down our decision, the reasons for which will follow in due course.
The ruling of the district court is reversed, the motion to quash is overruled, and the case is remanded to the district court for trial as a capital offense. In the event of conviction, the imposition of sentence shall be deferred pending further orders of this court.
DIXON, J., concurs in the result.
PER CURIAM:
The Lafayette Parish Grand Jury indicted Billy J. Landry for aggravated rape. LSA-R.S. 14:42. Subsequently, the United States Supreme Court invalidated the mandatory death penalty in the aggravated rape statute. See Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976). On motion of the defendant, the district court quashed the indictment based on that decision.
On July 26, 1976, we reversed the ruling of the district court and remanded the case for trial with this reservation:
“In the event of conviction, the imposition of sentence shall be deferred pending further orders of this Court.”
*151 On August 10, 1976, the jury found the defendant guilty as charged. The trial judge then deferred sentence to await the further order of this Court.
Since our prior decree, the United States Supreme Court has denied a rehearing in Roberts v. Louisiana, supra, requiring this Court to consider the question of the proper non-capital sentence for aggravated rape.
The Court has considered the question in a series of cases and concluded that the proper sentence is now imprisonment at hard labor for twenty years. See State v. Craig, La., 340 So.2d 191 (1976); State v. Lee, La., 340 So.2d 180 (1976); State v. Watkins, La., 340 So.2d 235 (1976).
For the reasons assigned, the district court is instructed to sentence the defendant to imprisonment at hard labor for a term of twenty years.
SUMMERS, Justice.
See my dissent in State v. Lee, La., 340 So .2d 180.